UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN FENNICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-cv-00420 (UNA) |
| | ) | |
| JOHN STACO, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se,* is before the Court on review of the Plaintiff's application to proceed *in forma pauperis* ("IFP"), ECF No. 2, as well as his "criminal complaint," ECF No. 1, though he has filed a civil matter. The plaintiff, a resident of Boston, Massachusetts, attempts to sue the Commonwealth of Massachusetts, a Massachusetts State Police Trooper, and the United States House of Representatives. He demands a "criminal investigation" of the Defendants and also seemingly seeks this Court's review of a criminal matter filed against him in Massachusetts state courts. For the reasons discussed herein, the court will grant the Plaintiff's IFP application and dismiss this matter without prejudice.

First, the claims against the United States House of Representations are completely undefined. *See* Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). Consequently, the complaint fails to provide adequate notice of any claim, and further fails to establish this Court's jurisdiction or to present a valid basis for any award of relief against that Defendant.

Second, the Eleventh Amendment to the U.S. Constitution immunizes a State from suit in federal court, unless immunity is waived. The Plaintiff has not demonstrated Massachusetts'

waiver of immunity from this suit. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). ("[T]he party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists.") (citation omitted)).

Third, "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another," *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). Consequently, the Plaintiff may not initiate criminal proceedings against the Defendants by filing a complaint with this court. *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same). Similarly, the Plaintiff cannot compel a criminal investigation by any law enforcement agency by filing a complaint with the court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

Fourth, federal district courts lack jurisdiction to review or interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)). And while under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, this court may hear suits alleging that public officials have violated rights secured by the Constitution or federal law, the Plaintiff has failed to clearly identify a constitutional or federal statutory right, *see Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no

constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake), and the Plaintiff has also failed to connect any of his claims to the District of Columbia, *see* 28 U.S.C. § 1406(a).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: March 31, 2022

_____/s/_____
AMIT P. MEHTA
United States District Judge